UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DONNA A. SHONTELL, | ) |
| Plaintiff, | ) No. CV-07-344-CI ) |
| v. | ) ORDER GRANTING DEFENDANT'S ) MOTION FOR SUMMARY JUDGMENT |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) AND DENYING PLAINTIFF'S ) MOTION FOR SUMMARY JUDGMENT ) |
| Defendant. | ) ) |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 14, 16.) Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney Leisa A. Wolf represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 5.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment and **GRANTS** Defendant's Motion for Summary Judgment.

**JURISDICTION**

Plaintiff Donna A. Shontell (Plaintiff) protectively filed for disability insurance benefits (DIB) on May 21, 2004. (Tr. 56.) Plaintiff alleged an onset date of January 1, 2003. (Tr. 56.) Benefits were denied initially and on reconsideration. (Tr. 29, 34.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Paul Gaughen on October 24, 2006. (Tr. 184-212.) Plaintiff was represented by counsel and testified at

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -1

the hearing. The ALJ denied benefits (Tr. 16) and the Appeals Council denied review after considering additional evidence submitted by Plaintiff. (Tr. 5.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and will therefore only be summarized here.

At the time of the hearing, Plaintiff was 52 years old. (Tr. 187.) She has a high-school diploma and attended "a little bit of college." (Tr. 188.) She has worked as a day care teacher, a restaurant hostess and a pizza maker. (Tr. 188-90, 203.) Plaintiff was diagnosed with scoliosis at age 18. (Tr. 192.) She testified that she starting having more pain while working for the pizza shop and alleged October 1, 2003, as the onset of disability. (Tr. 201.)

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir.

1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL PROCESS**

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -3

any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if his impairments are of such severity that Plaintiff is not only unable to do his previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§

404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404, Subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -5

**ALJ'S FINDINGS**

At step one of the sequential evaluation process, the ALJ found Plaintiff has not engaged in substantial gainful activity at any time relevant to the decision. (Tr. 18.) At steps two and three, he found Plaintiff has the severe impairments of thoracolumbar scoliosis and degenerative joint disease in the cervical spine (Tr. 18), but the impairments do not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (Tr. 21.) The ALJ then determined:

> [T]he claimant has the residual functional capacity to perform light work with lifting or carrying 20 pounds occasionally and 10 pounds frequently. She is capable of sitting, standing or walking 6 hours out of an 8 hour day. She is also capable of occasional bending, stooping, and kneeling. She is capable of an infrequent need to alternate from one posture to another. She should avoid significant balancing tasks or frequent reaching out or overhead with the upper extremities.

(Tr. 21.) At step four, the ALJ found Plaintiff is unable to perform any of her past relevant work. (Tr. 24.) Based on the testimony of a vocational expert and Plaintiff's age, education, work experience and residual functional capacity, the ALJ found that the claimant can perform jobs existing in significant numbers in the national economy. (Tr. 24.) As such, the ALJ found Plaintiff was not under a disability as defined in the Social Security Act from October 1, 2003, through the date of the decision.

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, Plaintiff argues that the ALJ did not adequately consider Plaintiff's testimony regarding her symptoms. (Ct. Rec. 14 at 12.) Plaintiff asserts she is more limited than the ALJ determined (Ct. Rec. 14 at 12) and if her

testimony were credited, there is no work in the national economy she would be capable of performing. (Ct. Rec. 14 at 14.) The Defendant argues that the ALJ properly determined the Plaintiff's residual functional capacity and posed a complete hypothetical question to the vocational expert. (Ct. Rec. 17 at 6.)

**DISCUSSION**

Plaintiff asserts the ALJ erred by rejecting Plaintiff's testimony regarding her pain and symptoms. She argues the ALJ failed to state why her need to rest and take breaks is not credible and to identify facts in the record leading to that conclusion. (Ct. Rec. 15 at 14.) The ALJ's residual functional capacity determination did not include Plaintiff's testimony that she needs frequent rest periods at unscheduled times. (Tr. 21.) If the ALJ erred and the Plaintiff's testimony is credited, the residual functional capacity finding and the ultimate finding of no disability are also in question.

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929.

Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of the symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). If there is evidence of a medically determinable impairment likely to cause an alleged symptom, the ALJ must provide specific and cogent reasons for rejecting a claimant's subjective complaints. *Id.* at 346.

The ALJ may not discredit pain testimony merely because a claimant's reported degree of pain is unsupported by objective medical findings. *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). The following factors may be considered: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *Id.* In the absence of affirmative evidence of malingering, the ALJ's reasons must be "clear and convincing." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169 F.3d at 599. The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

In this case, there is no evidence of malingering, so the ALJ's finding must be based on clear and convincing evidence. With respect to Plaintiff's credibility, the ALJ stated:

> After considering the evidence of record, <u>the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms</u>, but that the <u>claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible</u>.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -8

(Tr. 22.)[1] The ALJ then listed numerous facts in the record to support his credibility finding. (Tr. 22-23.)

The ALJ noted that Plaintiff testified that she is in pain all of the time and that she can sit for 30 to 45 minutes, stand for 30 minutes, walk only one mile and can lift and carry only 10 to 15 pounds. (Tr. 22.) He then cited evidence from Plaintiff's physical therapy records which indicate she is not so limited. (Tr. 22.) Plaintiff's physical therapy records from March 31, 2003, to July 30, 2003, indicate that her strength is normal for all extremities and her sensation and reflexes are intact, and that she can lift light to medium weights if they are conveniently positioned. (Tr. 22, 133-34.) The ALJ pointed out that when Plaintiff was discharged from physical therapy, she reported that her pain had been reduced from 6 to 2 or 3 on a scale of 1 to 10. (Tr. 22, 131.) In additional physical therapy records from June 2, 2004, to October 25, 2004, the physical therapist

---

[1] It is noted that the second sentence after the ALJ's credibility finding states, "The undersigned finds that there is simply no underlying type of musculoskeletal impairment (per the examiners) to reasonably produce her claimed symptoms." (Tr. 22.) This sentence is inconsistent with the ALJ's credibility finding which recognizes a medically determinable impairment which could reasonably be expected to produce the alleged symptoms. The statements are incompatible, so the court analyzes the findings as though only those most favorable to the Plaintiff were made, which is the finding acknowledging a medically determinable impairment. The error is inconsequential to the ultimate nondisability determination and is therefore harmless error. *See Stout v. Comm'r, Soc. Sec'y Admin.*, 454 F.3d 1050, 155-56 (9th Cir. 2006).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -9

noted no neurological signs or symptoms as the basis for Plaintiff's complaints of cervical pain. (Tr. 22, 143.) The ALJ then cited the discharge summary, which noted that Plaintiff attended only five therapy sessions and failed to schedule additional visits. (Tr. 22, 142.) In addition to the physical therapy records, the ALJ also cited the opinion of an examining physician who found Plaintiff less limited than she asserts. (Tr. 22, 173-76.) Thus, the ALJ cited specific testimony he found to be not credible and specific evidence undermining that testimony.

The ALJ also pointed out that, while Plaintiff's testimony regarding her pain and symptoms is "basically consistent" with pain questionnaires she filled out, the spinal imaging showed little or no significant disease on June 6, 2004, and only minimal and mild impairments on February 13, 2007. (Tr. 22, 165, 177.) While a claimant's pain testimony may not be rejected solely because it is unsupported by objective medical findings, *Fair*, 885 F.2d at 601, objective medical evidence obtained from the application of medically acceptable clinical and laboratory diagnostic techniques is a useful indicator in making reasonable conclusions about the intensity and persistence of symptoms. 20 C.F.R. § 416.929(c)(2). The ALJ therefore properly considered the results of objective tests and diagnostic techniques in evaluating Plaintiff's testimony.

Furthermore, the ALJ noted that records from the treating and examining physicians do not support Plaintiff's opinion that she is unable to work. (Tr. 22.) She told her treating physician, Dr. Osebold, an orthopaedist, that the water exercises were "wonderful" and she has made good progress with dry land conditioning. (Tr. 153.) Dr. Osebold released her back to work for 5 hours per day and told her

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -10

to schedule a follow-up appointment in two months. (Tr. 153-54.) If she was doing well, she was just to call and leave a report as to how she was doing. (Tr. 154.) Plaintiff cancelled her August 25, 2003, follow-up appointment. (Tr. 157.)

Plaintiff saw Dr. Kohlmeier for an evaluation for possible osteoporosis. (Tr. 127.) The ALJ pointed out that on October 29, 2003, Plaintiff reported to Dr. Kohlmeier that she "feels well" and he said no further treatment or evaluation was needed at that time. (Tr. 141.)

The ALJ also cited the records of Dr. Vanderbosch, who noted on February 2, 2004, that Plaintiff "is somewhat vague" with regard to her pain. (Tr. 161.) Among other details in Dr. Vanderbosch's notes, the ALJ pointed out that on May 19, 2004, Plaintiff told Dr. Vanderbosch that she was in more pain and she did not feel she could work any more. (Tr. 162.) However, as the ALJ noted, Dr. Vanderbosch only referred her to physical therapy and recommended neck exercises despite her claim of disabling pain. (Tr. 23.) On September 24, 2004, Plaintiff reported that her neck still bothered her, but that she was treating it herself. (Tr. 162.)

The ALJ concluded, "[D]espite [the claimant's] allegedly disabling impairments, she has not received the type of medical treatment one would expect for a totally disabled individual." (Tr. 23.) Medical treatment received to relieve pain or other symptoms is a relevant factor in evaluating pain testimony. 20 C.F.R. §§ 416.929(c)(3)(iv) and 416.929.(c)(3)(v). The ALJ is permitted to consider the claimant's lack of treatment in making a credibility determination. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Therefore, the ALJ properly considered the relatively mild course of

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -11

treatment received by Plaintiff from her treating and examining physicians in evaluating her credibility.

Furthermore, the ALJ pointed out that Plaintiff has not taken medication for her symptoms other than occasional over-the-counter pain relief. (Tr. 23.) The type, dosage, effectiveness and side effects of medication taken to alleviate pain or other symptoms as well is a relevant factor in evaluating the intensity and persistence of symptoms. 20 C.F.R. §§ 416.929(c)(3)(iv) and 416.929.(c)(3)(v). The lack of prescription medication is an appropriate consideration in determining credibility. *See Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998) (noting claimant's use of nonprescription medication as a factor supporting credibility determination). Thus, the ALJ properly considered Plaintiff's lack of treatment for pain in making the credibility determination.

It is further noted that many of the facts cited by the ALJ involved the Plaintiff's own reports and actions recorded by her physicians. An ALJ may engage in ordinary techniques of credibility evaluation, including inconsistencies in the claimant's testimony, *Burch*, 400 F.3d at 681, and may make reasonable inferences from the evidence. *Batson v. Comm'r of Soc. Sec'y Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The ALJ adequately described the testimony he found to be not credible. The ALJ stated that he did not find Plaintiff's statements about the intensity, duration and limiting effects of her symptoms entirely credible. (Tr. 22.) He discredited Plaintiff's testimony "that she is in pain all of the time and that she can only sit for 30 to 45 minutes, standing for 30 minutes and walk only one mile and she can only lift and carry 10 to 15 pounds." (Tr. 22.) While the ALJ did

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -12

not specifically state that he discounted the assertion that Plaintiff requires frequent unscheduled breaks of 15-30 minutes, it reasonably follows from the ALJ's statements and the evidence cited that Plaintiff's asserted limitation regarding breaks is included in the alleged limiting effects determined to be not credible by the ALJ.

The ALJ provided reasons sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002.) He cited numerous and various parts of the record, including nearly every medical source, pointing out notes and observations consistent with his findings. The ALJ cited specific evidence suggesting that Plaintiff is not as limited as she alleges; objective test results showing no significant impairment to cause such limitations; physician opinions and Plaintiff's recorded statements and actions which do not support greater limitations; a relatively mild course of treatment; and Plaintiff's limited use of medications. The ALJ's description of the evidence underlying each of these reasons for rejecting Plaintiff's testimony was specific. On the other hand, Plaintiff cites nothing in the record, other than her own testimony, which suggests a level of impairment greater than that found by the ALJ.

While another ALJ may have interpreted the evidence differently, the court may not engage in second-guessing if the ALJ's credibility finding is supported by substantial evidence in the record. *See Morgan v. Comm's of Soc. Sec'y Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). In this case, the ALJ's inferences and ultimate credibility determination are supported by substantial evidence in the record.

Plaintiff's argument that additional limitations should have been

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -13

included in ALJ's residual functional capacity is based on Plaintiff's testimony regarding those limitations.  Since the credibility finding was adequately supported, the ALJ properly declined to include additional limitations asserted by Plaintiff in the residual functional capacity determination.  As a result, the hypothetical posed to the vocational expert was also proper.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is supported by substantial evidence and is not based on error.  Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 16)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 14)** is **DENIED.**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED December 12, 2008.

                     S/ CYNTHIA IMBROGNO
                UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -14